UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Kevin Owens,<br><br>Plaintiff,<br><br>v.<br><br>Joe Kernell,<br><br>Defendant. | C/A No. 1:26-cv-01629-CMC-WSB<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff, proceeding *pro se* and *in forma pauperis*, brings this civil action under 42 U.S.C. § 1983, alleging Defendant violated his rights under the United States Constitution. Plaintiff is an inmate in the custody of the South Carolina Department of Corrections ("SCDC") and is presently incarcerated at the McCormick Correctional Institution ("McCormick").[1] The allegations presented, however, pertain to Plaintiff's confinement as a pretrial detainee at the Greenville County Detention Center ("GCDC"). Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review the pleadings and submit findings and recommendations to the District Court.[2] For the reasons below, this action is subject to summary dismissal.

[1] Plaintiff was admitted to SCDC on May 14, 2025, after being convicted in the South Carolina Court of General Sessions for Greenville County of trafficking methamphetamine at indictment number 2025GS2302727 and being sentenced to a term of 17 years incarceration. *See* SCDC Inmate Search Detail Report, available at https://public.doc.state.sc.us/scdc-public/ (search by Plaintiff's first and last name) (last visited July 20, 2026).

[2] This case was originally assigned to the Honorable Shiva V. Hodges, United States Magistrate Judge, and later reassigned to the Honorable Thomas E. Rogers, III, United States Magistrate Judge. ECF No. 16. The case was reassigned to the undersigned on July 17, 2026. ECF No. 19.

## BACKGROUND

**Procedural History**

Plaintiff commenced this action by filing a Complaint on the standard form seeking relief pursuant to 42 U.S.C. § 1983. ECF No. 1. By Order dated April 23, 2026, the Court notified Plaintiff that the Complaint was subject to summary dismissal for the reasons identified by the Court in that Order. ECF No. 7. The Court noted, however, that Plaintiff may be able to cure the pleading deficiencies of the Complaint and granted Plaintiff twenty-one days to amend the Complaint. *Id*. at 5. Further, Plaintiff was specifically warned as follows:

> If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified [in the Court's Order], the undersigned will recommend to the district court that the claims be dismissed without leave for further amendment.

*Id*. Plaintiff was also warned that an amended complaint would replace all prior complaints and should be complete in itself and that any amended complaint would be subject to further review by the Court pursuant to 28 U.S.C. § 1915A. *Id*.

The Court's Order regarding amendment was mailed to Plaintiff on April 23, 2026. ECF No. 7 and 8. The deadline for Plaintiff to file an amended complaint was May 14, 2026, but Plaintiff failed to file an amended complaint. The Court issued a second Order, dated May 20, 2026, extending Plaintiff's deadline to file an amended complaint until June 10, 2026. ECF No. 13 at 2 (directing the Clerk of Court to mail to Plaintiff a blank complaint form and another copy of the original Order regarding amendment). None of the Court's Orders have been returned as undeliverable. Plaintiff's amended complaint, or other response to the Order regarding amendment, was due June 10, 2026. *Id*. As of the date of this Report and Recommendation, the Court has not received any response from Plaintiff.

**Factual Allegations**

The Complaint, which was filed on the standard form for an action under 42 U.S.C. § 1983, makes the following allegations. ECF No. 1. Plaintiff alleges he was detained for nine months (from June 15, 2024, to May 7, 2025) at GCDC and was denied medical treatment for a mental health condition. *Id*. at 5; ECF No. 1-1. He alleges he suffered mental anguish "to the point of pleading guilty just to get help." ECF No. 1 at 6. He seeks ten million dollars in damages. *Id*.

## STANDARD OF REVIEW

**Review and Liberal Construction of *Pro Se* Filings**

Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute, which authorizes the district court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c) and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court would still be charged with screening Plaintiff's lawsuit to identify cognizable claims or dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

Because Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even under this less stringent standard, the *pro se* pleading remains subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim

on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The Court's duty to liberally construe a *pro se* litigant's complaint does not require the Court "to remove [it's] heavy robe . . . and take on the role of the litigant's attorney." *Jackson v. Dameron*, 171 F. 4th 641, 652 (4th Cir. 2026). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Although the Court must liberally construe the *pro se* pleadings and Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the Complaint, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact). "A claim has 'facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 388 (4th Cir. 2014).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). As noted, although the Court must liberally construe the pro se complaint, a plaintiff must do more than make conclusory statements to state a claim for

relief. *See Iqbal*, 556 U.S. at 677; *Twombly*, 550 U.S. at 555. Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79; *see also Adams v. Rice*, 40 F.3d 72, 74–75 (4th Cir. 1994) (explaining that, although the court must liberally construe the pro se complaint, a plaintiff must do more than make mere conclusory statements to state a claim); *White v. White*, 886 F.2d 721, 723–74 (4th Cir. 1989) (dismissing complaint dismissed because it "failed to contain any factual allegations tending to support his bare assertion"). Thus, although a plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the complaint, he must allege facts that support a claim for relief. *Bass v. DuPont*, 324 F.3d 761, 765 (4th Cir. 2003).

**Requirements to State a Claim under 42 U.S.C. § 1983**

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012) (quoting 42 U.S.C. § 1983). To state a claim under § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## DISCUSSION

This action is subject to summary dismissal for the reasons below.

**Dismissal Pursuant to Rule 41(b)**

This action is subject to dismissal pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Plaintiff was directed to file an amended complaint in accordance with this Court's Order dated April 23, 2026. ECF No. 7. The deadline to file an amended complaint under the Court's original Order was May 14, 2026. *Id*. The Court extended that deadline by Order dated May 20, 2026, making the amended complaint due June 10, 2026. ECF No. 13. However, Plaintiff failed to file an amended complaint. The Court's Orders have not been returned as undeliverable and so Plaintiff is presumed to have received them.

The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (citing Fed. R. Civ. P. 41(b)). "Federal courts possess an inherent authority to dismiss cases with prejudice sua sponte." *Gantt v. Md. Div. of Corr.*, 894 F. Supp. 226, 229 (D. Md. 1995) (citing *Link v. Wabash R. Co.*, 370 U.S. 626 (1962); *White v. Raymark Indus.*, 783 F.2d 1175 (4th Cir. 1986); *Zaczek v. Fauquier Cnty.*, 764 F. Supp. 1071, 1074 (E.D. Va.1991)).

The United States Court of Appeals for the Fourth Circuit, in *Davis v. Williams*, recognizing that dismissal with prejudice is a harsh sanction that should not be invoked lightly, set forth four factors for determining whether Rule 41(b) dismissal is appropriate:

> (1) the degree of personal responsibility on the part of the plaintiff;
>
> (2) the amount of prejudice to the defendant caused by the delay;

> (3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and
>
> (4) the effectiveness of sanctions less drastic than dismissal.

588 F.2d 69, 70 (4th Cir. 1978). The Fourth Circuit has also noted that "the four factors . . . are not a rigid four-pronged test," and whether to dismiss depends on the particular circumstances of the case. *Ballard*, 882 F.2d at 95. For example, in *Ballard*, the court reasoned that "the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order is a critical fact that distinguishes this case from those cited by appellant. . . . In view of the warning, the district court had little alternative to dismissal. Any other course would have placed the credibility of the court in doubt and invited abuse." *Id.* at 95–96.

At this point, Plaintiff has allowed multiple deadlines to pass without filing appropriate responses. Because Plaintiff is proceeding *pro se*, he is personally responsible for this failure. Because Plaintiff did not file a response to the Court's Orders regarding amendment, and has failed to file an amended complaint, it appears to the Court that Plaintiff wishes to abandon his case. Plaintiff has failed to prosecute this case and has failed to comply with the Orders of this Court. As Plaintiff has already ignored this Court's Orders and deadlines, action less drastic than dismissal would not be effective. Accordingly, this case should be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962).

**Dismissal on the Merits**

In the alternative, this action is subject to dismissal based upon the allegations presented. To state a claim for relief pursuant to 42 U.S.C. § 1983, Plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated;

and (2) that the alleged violation was committed by a *person* acting under the color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**Defendant Entitled to Dismissal**

Plaintiff's Complaint names a single Defendant, Joe Kernell ("Kernell" or "Defendant"), who is identified as the Administrator of GCDC. ECF No. 1 at 2.

The Complaint contains no specific allegations about Defendant's conduct in the events alleged. Kernell appears to be named based on his supervisory position at the Detention Center. To the extent Plaintiff bases the claims against Defendant on the theory of supervisory liability, the claims are without merit. Because the doctrine of respondeat superior does not apply to § 1983 claims, *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691–94 (1978), a defendant is liable in his individual capacity only for his personal wrongdoing or supervisory actions that violated constitutional norms, *see Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994) (setting forth elements necessary to establish supervisory liability under § 1983). A plaintiff must establish three elements to prevail under § 1983 on a theory of supervisory liability:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to the knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices[ ]"; and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Id.* (citations omitted). Plaintiff has failed to state a § 1983 claim against Defendant based on a theory of supervisory liability because Plaintiff has failed to allege that Defendant had actual or constructive knowledge of subordinates engaging in pervasive or widespread conduct that posed a risk of injury to inmates like Plaintiff. For these reasons, Defendant is entitled to dismissal from

this action to the extent he is named in a supervisory capacity. *See Oneal v. Fenner*, C/A No. 6:24-cv-6284-DCC-WSB, 2024 WL 5514974, at *3–4 (D.S.C. Dec. 5, 2024), *R&R adopted by* 2025 WL 1080932 (D.S.C. Apr. 10, 2025).

To the extent Plaintiff intends to assert claims against Defendant in his individual capacity, he is entitled to dismissal because Plaintiff makes no substantive allegations against him in the body of the Complaint. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed."); *Newkirk v. Circuit Court of City of Hampton*, C/A No. 3:14-cv-372-HEH, 2014 WL 4072212, at *2 (E.D. Va. Aug. 14, 2014) (finding the complaint was subject to summary dismissal where plaintiff made no factual allegations against the named defendants within the body of the pleading). In the absence of substantive allegations of wrongdoing against Defendant, the Court is unable to liberally construe any type of plausible cause of action arising from the Complaint against him. *See Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996) (explaining statute allowing dismissal of in *forma pauperis* claims encompasses complaints that are either legally or factually baseless); *Weller*, 901 F.2d at 389 n.2 (finding dismissal proper where there were no allegations to support claim). To the extent Plaintiff has alleged facts against Defendant, he is entitled to dismissal for the additional reasons explained herein.

***Failure to State a Claim***

Plaintiff's Complaint fails to allege facts to state a claim for relief. Liberally construed, the Complaint appear to assert a claim for deliberate indifference to Plaintiff's serious medical needs. However, Plaintiff has failed to allege facts to support a claim for deliberate indifference. Plaintiff alleges he was denied mental health treatment. ECF No. 1 at 7. However, Plaintiff has

not identified any individual responsible for his medical or mental care and treatment. *Bennett v. Nix*, C/A No. 4:18-cv-2781-JMC-TER, 2020 WL 608348, at *6 (D.S.C. Jan. 7, 2020) ("While non-medical personnel may be liable for medical indifference if they 'were personally involved in a denial of treatment, deliberately interfered with treatment, or tacitly authorized or were indifferent to a prison physician's misconduct,' . . . no such [allegations] exist here." (citation omitted)), *R&R adopted by* 2020 WL 607206 (D.S.C. Feb. 7, 2020). Because Plaintiff has not identified any individual responsible for the denial of medical or mental health care, the deliberate indifference claim fails.

Plaintiff asserts in cursory fashion that Defendant is responsible for the alleged injuries. However, Plaintiff has not presented facts showing that Kernell was personally involved in Plaintiff's medical or mental health treatment or was aware of any injury to Plaintiff or treatment needs that he might have had. In the absence of specific allegations of wrongdoing by the named Defendant in the actual events giving rise to Plaintiff's claims, the Complaint fails to establish a claim against Kernell.

Further, Plaintiff's allegations fail to state a claim for relief as he does nothing more than present conclusory allegations and legal conclusions. *Est. of Green v. City of Annapolis*, 696 F. Supp. 3d 130, 166 (D. Md. 2023) ("The presence, however, of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support a finding of deliberate indifference."). Plaintiff must allege more than mere cursory assertions to state a plausible claim for relief. *See Griffith v. State Farm Fire and Cas. Co.*, C/A No. 2:12-cv-00239-DCN, 2012 WL 2048200, at *1 (D.S.C. June 6, 2012) (finding that the plausibility standard requires more than "'an unadorned, the-defendant-unlawfully-harmed-me accusation.'" (quoting *Iqbal*, 556 U.S. at 678)). "Plaintiff's cursory allegations fail to state an

actionable § 1983 claim . . ." *Branch v. Anderson Cnty. Det. Ctr.*, C/A No. 2:24-cv-00851-JFA-MGB, 2024 WL 4981587, at *4 (D.S.C. Oct. 18, 2024), *R&R adopted by* 2024 WL 4973401 (D.S.C. Dec. 4, 2024); *see also Hamilton v. United States*, C/A No. 2:20-cv-1666-RMG-MHC, 2020 WL 7001153, at *4 (D.S.C. Aug. 26, 2020) (finding claims frivolous where, other than naming defendants in the caption of her complaint, plaintiff failed to include sufficiently clear allegations of any personal conduct or wrongdoing in connection with the alleged federal violations), *R&R adopted by* 2020 WL 5939235 (D.S.C. Oct. 7, 2020); *Garner v. Cohen*, C/A No. 2:16-cv-561-TLW-MGB, 2016 WL 9175627, at *4 (D.S.C. Sept. 1, 2016) (finding the complaint's "vague references to [*pro se*] Plaintiff's rights being violated, absent any specific facts or allegations against the Defendants, [were] wholly insufficient to state any sort of plausible claim"), *R&R adopted by* 2017 WL 2645754 (D.S.C. June 20, 2017); *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994) (explaining that a *pro se* plaintiff "must meet certain minimum standards of . . . specificity" in filing a complaint).

Plaintiff's cursory allegations are insufficient to establish a claim of constitutional magnitude for deliberate indifference to a serious medical need. "[A]n inmate's mere disagreement with medical providers about the proper course of treatment does not support [a deliberate indifference] cause of action." *Al-Haqq v. Mims*, C/A No. 2:24-cv-01899-DCC-MGB, 2025 WL 2917999, at *10 (D.S.C. July 15, 2025), *R&R adopted by* 2025 WL 2650392 (D.S.C. Sept. 16, 2025). Plaintiff has not alleged facts showing he had a serious medical need to which any individual was deliberately indifferent in violation of the Fourteenth Amendment. Accordingly, this action is subject to summary dismissal.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, the undersigned recommends that the district court **DISMISS** this action under Rule 41(b) for failure to prosecute or, in the alternative, for failure to state a claim, without further leave to amend and without issuance and service of process.[3]

**IT IS SO RECOMMENDED**.

s/William S. Brown
United States Magistrate Judge

July 20, 2026
Greenville, South Carolina

***Plaintiff's attention is directed to the important notice on the next page.***

[3] The dismissal should be without further leave to amend because Plaintiff has previously been granted an opportunity file an amended complaint and failed to do so. *Richardson v. Burzinski*, C/A No. 8:21-cv-01181-DCC, 2021 WL 4950577, at *1 n.1 (D.S.C. Oct. 25, 2021); *Workman v. Morrison Healthcare*, 724 F. App'x 280, 281 (4th Cir. 2018) (explaining that, where the district court already afforded an opportunity to amend, the district court has the discretion to afford another opportunity to amend or can "dismiss the complaint with prejudice, thereby rendering the dismissal order a final, appealable order"); *Britt v. DeJoy*, 45 F.4th 790, 796 (4th Cir. 2022) (dismissal without leave to amend is a final appealable order).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Suite 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).