IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Kevin Owens,<br><br>                    Plaintiff,<br><br>     vs.<br><br>Joe Kernell,<br><br>                    Defendant. | Civil Action No. 1:26-cv-1629-CMC<br><br><br>**ORDER** |

This matter is before the court on Plaintiff's Complaint, brought pursuant to 42 U.S.C. § 1983, alleging Defendant violated his constitutional rights. Dkt. No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), D.S.C., the matter was referred to United States Magistrate Judge William S. Brown for pre-trial proceedings.[1]

On April 23, 2026, the Magistrate Judge entered a Proper Form Order and Order and Notice informing Plaintiff his Complaint was subject to dismissal for the reasons within and providing an opportunity for Plaintiff to correct defects by filing an Amended Complaint. Dkt. Nos. 6, 7. Plaintiff failed to file an Amended Complaint, but filed a motion for leave to proceed in forma pauperis and a proposed summons. Dkt. Nos. 11, 12. The Magistrate Judge then entered a Second Proper Form Order, giving Plaintiff until June 10, 2026, to file an Amended Complaint (and proper summonses). Dkt. No. 13. Plaintiff did not file an Amended Complaint or bring his case into proper form in the time given.

---

[1] This case was originally assigned to Magistrate Judge Shiva V. Hodges, and reassigned to Magistrate Judge Thomas E. Rogers, III. Dkt. No. 16. The case was again reassigned to Magistrate Judge Brown on July 17, 2026. Dkt. No. 19.

On July 20, 2026, the Magistrate Judge issued a Report and Recommendation ("Report"), recommending Plaintiff's Complaint be dismissed without prejudice and without issuance and service of process. Dkt. No. 22. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed a letter stating he does not understand "if I have no objections or what does it mean?" Dkt. No. 24 at 1. He noted "I am mental health and a lot I don't understand and Recommendation I don't understand as well." *Id.* (errors in original). He asserts "So all-in-all I would like for my case not to be dismissed please." *Id.*

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

The Report recommends Plaintiff's Complaint be dismissed for failure to prosecute, as Plaintiff failed to amend his complaint, and on the merits, because only a single Defendant is

2

named: the Administrator of the Detention Center where Plaintiff was held when he asserts the unlawful actions took place. Dkt. No. 22 at 7-8. The Report explained the Complaint contained no specific allegations about Defendant's conduct, but it appeared he was only named because of his supervisory position at the Detention Center. It asserts a claim for supervisor liability would fail because Plaintiff failed to allege Defendant had actual or constructive knowledge of subordinates engaging in widespread conduct posing a risk of injury to inmates like Plaintiff. *Id.* Plaintiff makes no substantive allegations against Defendant in his individual capacity in the Complaint. *Id.* at 9. Finally, the Report concludes Plaintiff failed to state a claim for relief because he did not allege facts supporting a claim for deliberate indifference to a serious medical need.

Plaintiff's letter asks for his case not to be dismissed; however, he was provided clear and detailed directions on the reasons his Complaint was deficient and how to amend it, yet failed to do so. He now asserts he does not understand what "objections" mean and also does not understand the Recommendation. The court, however, cannot provide legal advice or guidance. The Report and Proper Form Orders described what Plaintiff needed to do to amend his Complaint and respond to the Report if he wished. He has not attempted to do so.

After considering the record, the applicable law, the Report and Recommendation of the Magistrate Judge and Plaintiff's objections, the court agrees with the conclusion of the Report that Plaintiff's Complaint be dismissed on the merits, and adopts that portion by reference herein. The court will not dismiss the case for failure to prosecute, as Plaintiff has responded, even though he has not brought his case into proper form. However, it is clear from the face of the Complaint Plaintiff cannot prevail against the only Defendant named, as there are no allegations of personal

3

involvement in the alleged deprivation of Plaintiff's constitutional rights. Section 1983 requires personal involvement, and Plaintiff has not sufficiently alleged facts showing personal or supervisory liability under § 1983. Accordingly, Plaintiff's Complaint fails for the reasons stated in the Report and the previous Proper Form Orders.

For the reasons above, the court dismisses this action without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
August 12, 2026

4